IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE SHELTON, #453744, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01150-JPG |
| ) | |
| RICHARD WATSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter was severed from a case that Plaintiff Maurice Shelton filed pursuant to 42 U.S.C. § 1983 to challenge his state court criminal proceedings and the conditions of his pretrial confinement in the St. Clair County Jail. *Shelton v. Kilgore, et al.*, No. 20-cv-1098-SMY (S.D. Ill.). The instant case focuses only on Plaintiff's challenge to the conditions of his pretrial confinement. (Doc. 1). He seeks money damages and injunctive relief. (Doc. 2).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the allegations are construed liberally in favor of the *pro se* plaintiff.

### The Complaint

In the Complaint, Plaintiff alleges that Sheriff Watson has failed to provide a safe and secure environment for inmates at St. Clair County Jail. (Doc. 2, pp. 18-19, 23-24, 27). Plaintiff has been detained there since the coronavirus pandemic took hold in March 2020. (*Id*. at 23).

During this time, inmates have been prohibited from wearing masks and gloves. (*Id*. at 23-24, 31-32). Poor ventilation makes it impossible to escape the airborne virus. (*Id*.). There is no way to practice social distancing. (*Id*.). There is also no way to avoid secondhand smoke caused by e-cigarettes. (*Id*. at 24, 31-32). As a result of these conditions, Plaintiff was exposed to the virus and developed symptoms of COVID-19. (*Id*. at 31-32). He continues to suffer from respiratory problems. (*Id*.).

Plaintiff also complains of inadequate mental health treatment. (*Id*. at 27, 34). He suffers from schizoaffective disorder,[1] anxiety, and depression. (*Id*.). His mental health condition demands attention and treatment in a mental hospital or psych ward, where he can prepare for trial and rehabilitate himself. (*Id*.). However, he has not received the treatment he needs. (*Id*.).

Based on the allegations summarized above, the Court designates the following counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment due process claim against Sheriff Watson for subjecting Plaintiff to unconstitutional conditions at the Jail since March 2020, including the denial of personal protective equipment, poor ventilation, no social distancing, and exposure to secondhand smoke.

**Count 2:** Fourteenth Amendment claim against Sheriff Watson for denying Plaintiff adequate mental health treatment for schizoaffective disorder at the Jail since March 2020.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

---

[1] Schizoaffective disorder is a mental health condition marked by a combination of schizophrenia symptoms, such as hallucinations or delusions, and mood disorder symptoms, such as depression or mania. *See* www.mayoclinic.org (last visited on Feb. 8, 2021).

**Discussion**

Both claims arise under the Fourteenth Amendment because they arose during Plaintiff's pretrial confinement at the Jail. The Fourteenth Amendment Due Process Clause prohibits conditions of confinement that amount to punishment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). Counts 1 and 2 are subject to an objective unreasonableness standard. *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (extending objective unreasonableness standard to all claims of unconstitutional conditions of confinement brought by pretrial detainees). Under this standard, a court may permissibly infer that the purpose of government action is punishment if: (a) it is actually imposed for the purpose of punishment; or (b) the condition is not reasonably related to a legitimate goal and is arbitrary or purposeless. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)). A pretrial detainee must plausibly allege that he endured conditions or medical care that was objectively unreasonable, meaning the defendant acted "purposefully, knowingly, or perhaps even recklessly" in relation to said conditions or care. *See Ferguson v. Cook County Correctional Facility/Cermak*, -- F. App'x --, at *2, 2020 WL 6689963 (7th Cir. Nov. 13, 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)).

Plaintiff's allegations do not support a claim against Sheriff Watson under this standard. Plaintiff mentions the sheriff in passing in connection with Count 1 and not at all in connection with Count 2. None of the exhibits mention the sheriff. It appears that Plaintiff has named Sheriff Watson as a defendant based on constitutional deprivations caused by his subordinates. However, a plaintiff may not rely on the doctrine of *respondeat superior*, or vicarious liability, when bringing a Section 1983 action. *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989). Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v.*

*Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  To be liable, an individual defendant must have caused or participated in a constitutional deprivation.  *Id*.  However, Plaintiff does not allege that the sheriff was generally aware of the conditions of his confinement.  He does not claim that the sheriff was personally responsible for a policy, custom, or practice that created the conditions.  He discloses no efforts on his part to put the defendant on notice of the conditions of his confinement or describe the impact on him.  The allegations therefore support no claim against Sheriff Watson.

Accordingly, Counts 1 and 2 shall be dismissed for failure to state a claim.  However, Plaintiff will have an opportunity to re-plead his claims in an amended complaint.  If he decides to amend, Plaintiff shall be bound by the deadlines and instructions for filing an amended complaint in the below disposition.

**Pending Motion**

Plaintiff's Motion to Appoint Counsel (Doc. 4) is **DENIED** without prejudice.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  There is no constitutional or statutory right to counsel in federal civil cases.  *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Id*.  When considering a request for counsel, the district court must consider whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff has failed to satisfy the first *Pruitt* factor.  He discloses no efforts to find counsel on his own, and he identifies no impediments to searching for an attorney beyond his detention.  To demonstrate reasonable efforts, Plaintiff should write or call at least three attorneys seeking representation in this matter and then provide evidence of his efforts with his next motion.  Plaintiff can either list the names of attorneys and/or firms, dates of his phone calls, and description of the response or attach copies of correspondence to/from attorneys and/or firms.

Plaintiff has not satisfied the second *Pruitt* factor.  Although he discloses some impediments to self-representation (*i.e.*, mental health issues), Plaintiff otherwise demonstrates an ability to represent himself in this matter.  His filings are clear, coherent, and timely.  At this stage, the Court finds insufficient grounds for recruiting counsel for him.  Plaintiff may renew his request for counsel by filing a new motion if one becomes necessary as the case proceeds.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 2), including Counts 1 and 2, is **DISMISSED** without prejudice for failure to state a claim for relief against the defendant.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 5, 2021**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "First

Amended Complaint," and list the case number for this action (No. 20-cv-01150-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/8/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**