IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE SHELTON, #453744,** )<br>)<br>   **Plaintiff,** )<br>)<br>vs. )<br>)<br>**RICHARD WATSON,** )<br>**PATRICK KILGORE,** )<br>**ST. CLAIR COUNTY SHERIFF'S** )<br>**DEPARTMENT,** )<br>**ARAMARK CORRECTIONAL** )<br>**SERVICES, LLC,** )<br>**MARY DAVIS,** )<br>**SERGEANT MOORE,** )<br>**MS. IKEY,** )<br>**JOHN/JANE DOE 1-4,** )<br>**CAPTAIN COLLINS,** )<br>**SERGEANT MESSY,** )<br>**C/O FURY,** )<br>**SERGEANT SHELTON,** )<br>**SERGEANT GREEN,** )<br>**SERGEANT NICHOLS,** )<br>**C/O OWENS,** )<br>**C/O GERMAINE,** )<br>**TRINITY COMMISSARY,** )<br>**SECURUS,** )<br>**and MS. SHERRY,** )<br>)<br>   **Defendants.** ) | Case No. 20-cv-01150-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

   This case was severed from a civil rights action Plaintiff Maurice Shelton filed pursuant to 42 U.S.C. § 1983 on October 30, 2020. *See Shelton v. Kilgore, et al.*, Case No. 20-cv-1098-SMY (S.D. Ill. filed Oct. 16, 2020) (original case). In the original Complaint, Plaintiff asserted claims related to his state criminal proceedings against three defendants (Defense Attorney Patrick Kilgore, Judge Roberta Haida, and State's Attorney Jim Piper) and claims of unconstitutional

1

conditions of confinement at St. Clair County Jail against one defendant (Sheriff Richard Watson). (Doc. 1, original case). This case was opened to address the conditions-of-confinement claim against Sheriff Watson. (Doc. 1, instant case).

This Court screened the Complaint (Doc. 2, instant case) and divided this claim into two counts: Count 1 – a Fourteenth Amendment due process claim against Sheriff Watson for denial of protective equipment, poor ventilation, no social distancing, and exposure to secondhand smoke at St. Clair County Jail beginning in March 2020; and Count 2 – a Fourteenth Amendment due process claim against Sheriff Watson for denying Plaintiff adequate mental health treatment for schizoaffective disorder at the Jail beginning in March 2020. (Doc. 12, instant case). Neither claim survived screening under 28 U.S.C. § 1915A because Plaintiff did not set forth sufficient allegations of the sheriff's personal involvement in or responsibility for a constitutional deprivation. (*Id.*). Both claims were dismissed without prejudice, and Plaintiff was granted leave to file a First Amended Complaint. (*Id.* at 5).

Plaintiff filed a timely First Amended Complaint on April 14, 2021 (Doc. 17, instant case), and it is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The First Amended Complaint is 126 pages in length—90 pages *longer* than the original Complaint. (Doc. 17, pp. 1-126). In it, Plaintiff names 22 defendants—18 *more* defendants than

he named in the original Complaint. (*d.*). He asserts claims that are too numerous to summarize herein—as compared to the two claims severed into the instant case. (*Id.*). Plaintiff seeks money damages and injunctive relief. (*Id.* at 68-70).

Instead of focusing on Counts 1 and 2, Plaintiff complains of misconduct by the defendants dating back to 2012. (*Id.*). Plaintiff attempts to revive claim(s) against his defense attorney, Patrick Kilgore, that were part of his original case and dismissed with prejudice. (*See* Doc. 9, original action; Doc. 1, instant case). He challenges his conviction and sentence. (Doc. 17, pp. 27-29, 37-38, 56-61). He includes several exhibits pertaining to the criminal case. (*id.* at 46-56).

Plaintiff also includes numerous other grievances, complaints, and request forms. (*See id.* at 12-25). Many are illegible. None are accompanied by an explanation. For these reasons, it is unclear why they are included as exhibits at all.

Plaintiff filed three separate declarations and several affidavits for himself. It is unclear why. Each one includes a list of miscellaneous complaints against unnamed individuals. There and elsewhere, Plaintiff complains of high commissary prices (p. 30); inadequate nutrition (pp. 30, 65); denial of the right to a speedy trial (p. 30); COVID-related delays in court access (*id.*); disciplinary tickets (*id.*); mental health issues (pp. 30, 32, 36-38, 63); denial of medication (pp. 31, 63); inadequate exercise opportunities (p. 31); deprivation of personal property (*id.*); exposure to COVID-19 (pp. 61-62); inadequate treatment of COVID symptoms (pp. 32-35); poor ventilation (p. 62); exposure to secondhand e-cigarette smoke (pp. 62-64); a dirty gym (p. 64); inadequate beds, showers, toilets, water, clothing, and blankets (pp. 64-65); and rodent / pest infestations (p. 65), among other things.

Mid-complaint, Plaintiff provides the Court with a handwritten glossary containing definitions of common legal terms. (Doc. 17, pp. 39-41). He also includes a handwritten copy of

3

the Southern District of Illinois Local Rules 83.1 and 83.2, regarding conduct and general admission of attorneys. (*Id*. at 42-43). In addition, he includes handwritten excerpts from state and federal criminal codes. (*Id*. at 44-45).

## **Discussion**

Plaintiff was granted leave to file an amended complaint focusing on the unconstitutional conditions of his confinement (Count 1) and denial of mental health treatment (Count 2) at the Jail since March 2020. His First Amended Complaint far exceeds the scope of the Court's Order Dismissing Complaint (Doc. 12). The First Amended Complaint does not survive screening and shall be dismissed.

Plaintiff devotes considerable time, space, and attention to complaints about his criminal defense attorney. (Doc. 17, pp. 27-29, 37-38, 46-61). However, these claims are not part of this severed case. (*See* Doc. 1, instant case; Doc. 9, original case). In fact, the Court already dismissed the claims with prejudice in the original case. (*Id*.). To the extent he challenges his state conviction or sentence, Plaintiff may be able to pursue relief in a direct appeal or a petition for post-conviction relief. However, he cannot revive his claim(s) against Patrick Kilgore in this, or any other, Section 1983 case in federal court. (*Id*.).

Plaintiff also cannot pursue his other miscellaneous claims against the numerous defendants listed in the case caption of the First Amended Complaint. He mentions these individuals in the body of his complaint rarely, if at all. Merely naming a defendant in the case caption is insufficient to state a claim against the individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 liability hinges on personal responsibility for a constitutional deprivation and is predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The doctrine of *respondeat superior* liability is not recognized in this context. *Id*. Therefore, to state a claim against each defendant, Plaintiff must set forth allegations describing

what each individual did, or failed to do, to violate his federal rights.  Instead, Plaintiff tossed all of his grievances and complaints about the Jail into a single document.  These complaints date back almost a decade.  They are tied to no particular person.

To the extent Plaintiff challenges the conditions of his confinement at the Jail, he may pursue relief under Section 1983.  However, he cannot do so using the instant amended complaint because it violates Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 8 also requires "simple, concise, and direct" allegations.  FED. R. CIV. P. 8(d)(1).  The purpose of both rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims."  *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff has not set forth a simple and concise statement of his claims against each defendant, and he has not focused on Counts 1 and 2 outlined in the Order Dismissing Complaint at Document 12.

Plaintiff's First Amended Complaint also violates the rules of joinder.  *See* FED. R. CIV. P. 18-21.  Plaintiff combines all of his grievances and complaints about his criminal case, conviction, or incarceration at the Jail into a single document, even though his claims involve different defendants, arise from separate transactions or occurrences, share no common questions of fact, and focus on different legal theories.  These claims cannot proceed together in the same suit.  *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).  Plaintiff must only bring related claims against a single group of defendants in this action, and he must file one or more separate suits to pursue his unrelated claims against other defendants.

Plaintiff is in the best position to decide which claims he will pursue in this Section 1983 action. He can replead a claim for unconstitutional conditions of confinement at the Jail (Count 1) and/or denial of mental health treatment at the Jail (Count 2). He may focus on one, the other, or both. He may also bring related claims against the same defendants.[1] He should name the individuals who subjected him to these constitutional deprivations as defendants in the case caption of the Second Amended Complaint. Then, in his statement of claim, Plaintiff should *briefly* describe how each defendant exposed him to unconstitutional conditions and denied him mental health treatment. Finally, he should include a request for relief, such as money damages and/or injunctive relief. To the extent he seeks urgent relief, such as a temporary restraining order ("TRO") or preliminary injunction, Plaintiff should file a separate Motion for TRO and/or Preliminary Injunction Under Rule 65(a) or (b) in this case. Plaintiff will be given ample time to prepare and file a Second Amended Complaint, and he is warned that failure to do so will result in dismissal of this action with prejudice.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 17) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8 and for failure to state any claim for relief against the name defendants.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **September 29, 2021**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34

---

[1] Plaintiff cannot bring any claims against Patrick Kilgore; these claims were already dismissed with prejudice in the original action. (*See* Doc. 9, original case; Doc. 1, instant case).

F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to provide Plaintiff with this Court's standard civil rights complaint form for use in preparing a Second Amended Complaint.  If he does choose to proceed with this action, it is strongly recommended that Plaintiff use this civil rights complaint form.  He should label the form "Second Amended Complaint" and list the case number for this action (No. 20-cv-01150-JPG) on the first page.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/1/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
