# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE SHELTON, #453744, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-01150-JPG |
| | ) |
| RICHARD WATSON | ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Maurice Shelton on October 14, 2021. (Doc. 23). In it, Plaintiff challenges the unconstitutional conditions of his confinement at St. Clair County Jail ("Jail"). (*Id.*). He seeks money damages from the defendants. (*Id.* at 7).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff sets forth the following allegations (Doc. 23, p. 6): Plaintiff has been housed at the Jail since March 12, 2020, when the COVID-19 pandemic caused much of the world to go on lockdown. Inmates at the Jail were not provided with personal protective equipment, such as masks or gloves. They were housed in overcrowded living conditions without proper social

1

distancing.  They were also allowed to buy and use e-cigarettes during a "breathing pandemic."  As a result, all sixteen inmates in L-Block, including Plaintiff, became ill with COVID-19.  Plaintiff was given pain medication and nothing more for his symptoms.  As a result, he developed respiratory issues that have persisted.

Plaintiff also suffers from schizoaffective disorder (Doc. 2, pp. 27, 34), and he was given no medication for his condition for a period of four months.  When his prescription was discontinued, the staff did not provide advance notice.  The nurses also failed to schedule an appointment with a psychiatrist who could identify and prescribe a different medication.  As a result, Plaintiff went without medication for his schizoaffective disorder during this time period.

Plaintiff also complains of unfair punishment at the Jail.  This includes a 30-day lockdown he was forced to endure when several other inmates got into a fight.

He complained of all these conditions to Sheriff Richard Watson and Tammy Grimes,[1] but they failed to train staff to "take care of business properly" and disregarded Plaintiff's complaints.

## Discussion

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:**   Fourteenth or Eighth Amendment claim against Sheriff Watson for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm to his health caused by the novel coronavirus, including exposure to COVID-positive inmates, exposure to e-cigarette smoke, overcrowded living conditions, and denial of personal protective equipment.

**Count 2:**   Fourteenth or Eighth Amendment claim against Sheriff Watson for failing to train staff on the proper handling of COVID-19 patients, resulting in Plaintiff's denial of adequate medical care for symptoms of COVID-19.

---

[1] Tammy Grimes is not named as a defendant, and Plaintiff brings no claims against this individual.

    **Count 3:**    Fourteenth or Eighth Amendment claim against Sheriff Watson for failing to train staff on the proper handling of inmate mental health conditions, resulting in Plaintiff's denial of psychotropic medication for schizoaffective disorder for four months.

    **Count 4:**    Fourteenth Amendment claim against Sheriff Watson for failing to train staff on the proper handling of disciplinary matters, resulting in Plaintiff's placement on a 30-day lockdown as punishment for other inmates' fighting.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Count 1

The Fourteenth Amendment's objective unreasonableness standard governs Plaintiff's claim for unconstitutional conditions of confinement, if he was a pretrial detainee when this claim arose. *See Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (conditions of confinement claim). If he was a convicted person, the Eighth Amendment standard governs his claim and requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by the defendant (a subjective standard). *See Hardeman*, 933 F.3d at 822 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To state a claim under either amendment, Plaintiff must set forth allegations demonstrating the defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Although high-ranking officials normally cannot be held liable for localized violations, they "are expected to have personal responsibility for systemic conditions." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Plaintiff's allegations, construed liberally, suggest that Sheriff Watson may acted in a manner considered objectively unreasonable or with deliberate indifference when subjecting Plaintiff to the systemic conditions described in the Second Amended Complaint. Count 1 survives preliminary review.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Counts 2, 3, and 4**

All other claims arise from Plaintiff's allegation that the sheriff failed to train "CO's and various employees . . . to take care of business properly." (Doc. 23, p. 6). He offers no specifics and otherwise fails to demonstrate that the sheriff played any role in the policies or training that caused the violation of his constitutional rights to occur. For each of these claims, Plaintiff describes particular conditions that resulted in a deprivation of his rights—not systemic conditions. It is difficult to imagine how the sheriff played any personal role in Plaintiff's denial of medical treatment for COVID-19 (Count 2), denial of replacement medication for schizoaffective disorder (Count 3), or punishment with a 30-day lockdown (Count 4).

Plaintiff instead names the sheriff based on the municipality's failure to train its officers for purposes of Section 1983 liability. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, liability in this context arises "only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [officers] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) ("Establishing *Monell* liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government."). Plaintiff's bald assertion that the sheriff failed to train "CO's and various employees . . . to take care of business properly" falls far short of this standard. (Doc. 23, p. 6). Accordingly, Counts 2, 3, and 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted against the sheriff.

**Disposition**

**IT IS ORDERED** that the Second Amended Complaint (Doc. 23) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** against Defendant **RICHARD WATSON**

will receive further review, but **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice for failure to state any claim for relief.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **RICHARD WATSON**, in his individual capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 23), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, though his application to proceed *in forma pauperis* was granted.  28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/22/2021**              s/J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.